UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| RODNEY BAGGOTT, | : | VIOLATION: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | 22 D.C. Code §§ 401, 4502 |
| | : | (Assault with Intent to Kill While Armed) |
| | : | |
| | : | 22 D.C. Code § 4504(b) |
| | : | (Possession of a Firearm During a Crime of |
| | : | Violence or Dangerous Offense) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about March 3, 2024, within the District of Columbia, **RODNEY BAGGOTT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Case Numbers 2015-CF1-13244, 1997-FEL-4419, 1992-FEL-373, and 1988-FEL-4064, and in the Circuit Court for Prince George's County Maryland, case numbers CT902329B and CT86388, did unlawfully and knowingly receive and possess a firearm, that is, an Intratec 9mm pistol, and did unlawfully and knowingly receive and possess ammunition, that is, ten rounds of WIN 9mm Luger ammunition,

which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT TWO

On or about January 30, 2024, within the District of Columbia, **RODNEY BAGGOTT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Case Numbers 2015-CF1-13244, 1997-FEL-4419, 1992-FEL-373, and 1988-FEL-4064, and in the Circuit Court for Prince George's County Maryland, case numbers CT902329B and CT86388, did unlawfully and knowingly receive and possess a firearm, that is, an Intratec 9mm pistol, and did unlawfully and knowingly receive and possess ammunition, that is, WIN 9mm Luger ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT THREE

On or about January 30, 2024, within the District of Columbia, **RODNEY BAGGOTT**, while armed with a pistol, assaulted R.A. with intent to kill him.

**(Assault with Intent to Kill While Armed**, in violation of 22 D.C. Code, Sections 401, 4502).

## COUNT FOUR

On or about January 30, 2024, within the District of Columbia, **RODNEY BAGGOTT**, did possess a firearm, that is, a pistol, while committing the crime of Assault with Intent to Kill While Armed as set forth in Count Three of this indictment.

**(Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b)).

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One or Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to an Intratec 9mm firearm and 9mm ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21,

3

United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON

*[signature]*

Attorney of the United States in
and for the District of Columbia