# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 24-127 (RBW) |
| ) | |
| RODNEY BAGGOTT and ) | |
| KIMBERLY BOWENS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Consistent with the oral rulings issued by the Court during the motion hearing held on May 9, 2025, it is hereby

**ORDERED** that Defendant Rodney Baggott's Motion to Dismiss Count Three of the Superseding Indictment, ECF No. 36, is **DENIED**. It is further

**ORDERED** that the Government's Omnibus Pretrial Motions and Notice of Intent to Admit Evidence Under Rule 404(b) and to Impeach Under Rule 609 is **GRANTED IN PART, DENIED IN PART, AND HELD IN ABEYANCE IN PART**. The motion is **GRANTED** to the extent that the government seeks to potentially present witness testimony as to Defendant Baggott's presence at Defendant Bowens' residence, and to the extent that the parties represented during the May 9, 2025, motion hearing that they would confer and ultimately file the following documentation in lieu of the government's original requests: (1) a proposed stipulation as to Defendant Baggott's waiver of the right to have a jury determine whether the government has proven Aggravating Circumstances, should the government achieve a conviction at trial—in lieu of the government's motion for the Court to admit, pursuant to Federal Rule of Evidence 404(b), evidence of Defendant Baggott's prior voluntary manslaughter while armed conviction; (2)

substitute language for the December 2023 text message that depicts the substance of what was communicated in that message without the potentially prejudicial language that was identified during the May 9, 2025, motion hearing—in lieu of the government's motion for the Court to admit, pursuant to Rule 404(b), the text message itself as evidence; and (3) a proposed stipulation that Defendant Baggott both knew of his previous conviction and knew that he was not permitted to possess a firearm—in lieu of the government's motion for the Court to admit, pursuant to Rule 404(b), a gun offender registry order signed by Defendant Baggott.. The motion is **HELD IN ABEYANCE**, pending supplemental briefing by the parties, to the extent that the government seeks to impeach Defendant Baggott with his prior conviction for voluntary manslaughter while armed under Federal Rule of Evidence 609 and preclude evidence of the victim's criminal history. The motion is **DENIED** in all other respects. Specifically, the motion is **DENIED** to the extent that the government seeks to (1) admit, as part of its case-in-chief and pursuant to Rule 404(b), Defendant Baggott's previous voluntary manslaughter while armed conviction; (2) admit, as part of its case-in-chief and pursuant to Rule 404(b), the February 7, 2024, text message; (3) admit, as part of its case-in-chief and pursuant to Rule 404(b), evidence that Defendant Baggott had a different gun in the white Mitsubishi Outlander when he was stopped in Maryland on March 2, 2024; (4) admit, as part of its case-in-chief and pursuant to Rule 404(b), a barring notice from the Cielo Apartments dated February 14, 2024; and (5) preclude the defendants from arguing that Defendant Baggott acted in self-defense absent a proffer supporting such a claim.[1] It is further

---

[1] In accordance with the oral rulings issued by the Court during the May 9, 2025, motion hearing, the Court concludes that, should the defendants decide to raise this defense, the Court will at that time assess whether the defendants have a sufficient factual basis to support a self-defense instruction to the jury.

**ORDERED** that, on or before June 16, 2025, the parties shall file supplemental briefing on the government's requests to impeach Defendant Baggott, pursuant to Rule 609, with his prior conviction for voluntary manslaughter while armed and preclude evidence of the victim's criminal history.  Specifically, the parties shall file supplemental briefing addressing whether the facts of Defendant Baggott's previous conviction are admissible under Rule 609, and whether the facts of the victim's criminal history are admissible under Rule 404.  The parties shall further address the specifics of what information would be admissible in each instance under the Federal Rules of Evidence and which law the Court should apply in its assessment of the parties' arguments.[2]  It is further

**ORDERED** that, on or before June 16, 2025, the parties shall file documentation of their agreements concerning the following: (1) a proposed stipulation as to Defendant Baggott's waiver of the right to have a jury determine whether the government has proven Aggravating Circumstances, should the government achieve a conviction at trial; (2) substitute language for the December 2023 text message that depicts what was communicated without the prejudicial language identified during the May 9, 2025, motion hearing; and (3) a proposed stipulation that Defendant Baggott both knew of his previous conviction and knew that he was not permitted to possess a firearm.  It is further

**ORDERED** that the parties shall meet and confer as soon as possible and thereafter submit their joint proposed voir dire questions, jury instructions, and verdict forms on or before June 30, 2025.  If agreement cannot be reached on any matters relevant to the voir dire questions, jury instructions, or verdict forms, the parties shall provide separate submissions as to only those

---

[2] During the May 9, 2025, motion hearing, the parties disputed whether the Court should apply federal or District of Columbia law in its analysis of these issues, as this case involves D.C. Code offenses.  Absent being convinced otherwise, the Court is inclined to agree with the defendants that District of Columbia law applies.

matters on which the parties cannot agree. It is further

**ORDERED** that, on July 8, 2025, at 10:00 a.m., the parties shall appear before the Court for a pre-trial conference in Courtroom 16 on the 6th floor at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

**SO ORDERED** this 16th day of May, 2025.

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge